| Fill in this information to identify your case: |
| --- |
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF NEW YORK |
| Case number *(if known)* _____    Chapter __11__ |

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| 1. | Debtor's name | **VTES, Inc.** |
| --- | --- | --- |

| 2. | All other names debtor used in the last 8 years | |
| --- | --- | --- |
| | Include any assumed names, trade names and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **85-4173188** |
| --- | --- | --- |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
| --- | --- |
| **28 Liberty Street** <br> **New York, NY 10005** | **2005 De La Cruz Boulevard** <br> **Suite 111** <br> **Santa Clara, CA 95050** |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **New York** | **Location of principal assets, if different from principal place of business** |
| County | **222 Broadway, New York, New York 10038** |
| | Number, Street, City, State & ZIP Code |

| 5. | Debtor's website (URL) | **www.savari.net** |
| --- | --- | --- |

| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| --- | --- | --- |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor   **VTES, Inc.**                                                                                     Case number (*if known*) _____
_____
Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

___5415___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| Debtor | **See Attachment** | Relationship | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

| Debtor | VTES, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### ■ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Fill in this information to identify your case: |
| --- |

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 27, 2020**
             MM / DD / YYYY

X **/s/ Ravi Puvvala**                          **Ravi Puvvala**
Signature of authorized representative of debtor    Printed name

Title   **Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Scott A. Griffin**                       Date  **December 27, 2020**
Signature of attorney for debtor                       MM / DD / YYYY

**Scott A. Griffin**
Printed name

**Griffin Hamersky LLP**
Firm name

**420 Lexington Avenue**
**Suite 400**
**New York, NY 10170**
Number, Street, City, State & ZIP Code

Contact phone  **6469985575**    Email address  **sgriffin@grifflegal.com**

**4594081 NY**
Bar number and State

Debtor    **VTES, Inc.** _____    Case number (*if known*) _____
          Name

| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF NEW YORK _____

Case number (*if known*) _____    Chapter    **11**

☐  Check if this an
   amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| Debtor | **Savari Systems Pvt. Ltd.** | | Relationship to you | **Affiliate** |
|---|---|---|---|---|
| District | **Southern District of New York** | When **12/27/20** | Case number, if known | |
| Debtor | **Savari, Inc.** | | Relationship to you | **Affiliate** |
| District | **Southern District of New York** | When **12/27/20** | Case number, if known | |

**GRIFFIN HAMERSKY LLP**
420 Lexington Avenue, Suite 400
New York, New York 10170
Telephone: (646) 998-5580
Facsimile: (646) 998-8284
Scott A. Griffin
Michael D. Hamersky

Proposed Counsel for the Debtors
and Debtors In Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
|  |  :  |  |
|--|--|--|
| In re: | : | Chapter 11 |
|  | : | (Subchapter V) |
| VTES, INC., | : |  |
|  | : | Case No. 20-_____ ( ) |
| Debtor.[1] | : |  |
|  | : |  |
------------------------------------------------------------X

## DECLARATION OF PAUL SAKAMOTO IN
## COMPLIANCE WITH 11 U.S.C. § 1116(1)(B)

I, Paul Sakamoto, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information and belief:

1.    No statement of operations or cash flow statement has been prepared for the Debtor.

2.    The Debtor was incorporated under the laws of the State of New York on December 7, 2020, and, accordingly, does not have a balance sheet or profit and loss statement.

Dated:  December 27, 2020

By:
/s/ Paul Sakomoto
_____
Paul Sakomoto
Chief Operating Officer
Savari, Inc.

---

[1]    The last four digits of VTES, Inc.'s ("VTES") federal tax identification number are 3188.

## OMNIBUS WRITTEN CONSENT OF
## THE GOVERNING BODIES OF
## VTES, INC. AND SAVARI, INC.

## December 27, 2020

The undersigned, being the board of directors or sole managing member, as applicable (each a "Governing Body"), of VTES, Inc., a New York corporation ("VTES"), and Savari, Inc., a California corporation ("Savari" together with VTES, each of which is a "Company"), hereby take the following actions and adopt the following resolutions, pursuant to, as applicable, the bylaws, or similar document (in each case, as amended and restated to date) of each Company and the laws of the state of New York and California, as applicable:

**WHEREAS**, each Governing Body has reviewed the materials presented by the management and the legal advisors of each Company regarding each Company's liabilities and liquidity situation, and the impact of the foregoing on each Company's business, and the strategic alternatives available to each Company; and

**WHEREAS**, each Governing Body has had the opportunity to consult with the management, financial advisors and the legal advisors of each Company and fully consider each of the strategic alternatives available to each Company.

I.      Chapter 11 Filing

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that each Company file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); and be it

**FURTHER RESOLVED**, that one or more of the executive officers of each Company (collectively, the "Authorized Officers" each of which is an "Authorized Officer"), are authorized, empowered, and directed to execute and file, on behalf of each Company, all petitions, schedules, lists and other motions, papers or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business; and be it

II.      Retention of Advisors

**FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Griffin Hamersky LLP as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the Chapter 11 Case and cause to be filed an appropriate application for authority to retain the services of Griffin Hamersky LLP; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of  Rock Creek Advisors LLC ("Rock Creek") as financial advisors to provide financial advisory services to each Company and to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Rock Creek; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a Stretto  ("Stretto") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of Stretto; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it

III.    Entry Into Purchase Agreement and Effectuation of A Plan Sale

**FURTHER RESOLVED**, that in the judgment of the Authorized Officers, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that each Company shall be, and hereby is, authorized to enter into that certain asset purchase agreement, dated December 27, 2020,  (the "Purchase Agreement") for a sale of substantially all of its assets with Harman Becker Automotive Systems, Inc. ("Harman" or the "Lender") or such other entity as may be approved by the Bankruptcy Court to effectuate a chapter 11 plan (the "Plan") in the form presented to the Authorized Officers on or in advance of the date hereof, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and empowered to enter into or approve, on behalf of each Company, the Purchase Agreement and the Plan, and to take any and all actions necessary or advisable to advance each Company's rights and obligations therein, including filing pleadings; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized, empowered and directed to execute the Purchase Agreement and the Plan on behalf of each Company and to take all necessary actions in furtherance of consummation and/or confirmation of such documents' terms, as applicable; and be it

IV.    <u>Debtor In Possession Financing, Cash Collateral, and Adequate Protection</u>[1]

**FURTHER RESOLVED**, that in the judgment of the Authorized Officers, each Company will receive benefits from the DIP Credit Agreement (as defined below) and the loan contemplated thereunder, and it is desirable and in the best interest of each Company that the form, terms and provisions of that certain Senior Secured, Superpriority Debtor-In-Possession Credit Agreement, dated December 27, 2020 together with any and all exhibits, schedules and annexes thereto (collectively, the "<u>DIP Credit Agreement</u>"), by and among Savari, Inc. (the "<u>Borrower</u>"), VTES, Inc. and Savari Systems Pvt. Ltd. (each individually a "<u>Guarantor</u>" and collectively, the "<u>Guarantors</u>") and the Lender and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowing and extension of credit thereunder, the issuance of any letter of credit thereunder, and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith) be, and hereby are, authorized, adopted and approved; and be it

**FURTHER RESOLVED**, that the Authorized Officers have determined that it is necessary and in the best interest of each Company's business and affairs, for each Company to execute, deliver and perform under the DIP Credit Agreement to which it is a party, to perform each Company's obligations thereunder and to consummate the transactions contemplated thereby, including, without limitation, any borrowings, the performance of any guarantees and the granting of any security interests and liens, and such acts are hereby, in all respects, authorized and approved; and be it

**FURTHER RESOLVED**, that each Company and its Authorized Officers are authorized, empowered and directed, in the name and on behalf of each Company, to grant security interests in, pledge, assign, transfer, mortgage, convey and/or deliver, as security for obligations under the DIP Credit Agreement, any assets now or hereafter held or belonging to each Company, and the grants of security interest by each Company and liens in all of each Company's assets and property constituting DIP Collateral as collateral security for the payment of the obligations, advances, debts or liabilities of each Company, the pledges of collateral (including, without limitation, pledges of equity and real and personal property as collateral), the assignments, transfers, conveyances and mortgages of assets, the Uniform Commercial Code (the "<u>UCC</u>") financing statements, and the guarantee of each Company, under and in connection with the DIP Credit Agreement, be and they hereby are, authorized, adopted and approved; and be it

**FURTHER RESOLVED**, that the Authorized Officers are hereby authorized and directed to negotiate the terms of and to execute, deliver and perform under the DIP Credit Agreement to which each Company is a party and any and all other documents, certificates, instruments, notes, mortgages, deeds of trust, intellectual property security agreements, joinders, consents, guarantees or agreements relating to or in connection with the transactions contemplated thereby in the name and on behalf of each Company, in the form approved, with such changes therein and modifications and amendments thereto as an Authorized Officer may in his or her sole discretion approve on behalf of each Company, which approval shall be conclusively evidenced by his or her

---

[1]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the DIP Credit Agreement.

execution thereof (such execution by an Authorized Officer is hereby authorized to be by original hardcopy, facsimile, or similar instantaneous electronic transmission device); and be it

**FURTHER RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for that certain prepetition secured lender (the "Prepetition Lender") party to certain Prepetition Financing Agreements with Borrower; and be it

**FURTHER RESOLVED**, that, to use and obtain the benefits of the cash collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Lender (the "Adequate Protection"), as documented in a proposed interim DIP order (the "Interim DIP Order") substantially in the form presented to the Authorized Officers on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof, to be submitted for approval to the Bankruptcy Court; and be it

**FURTHER RESOLVED**, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and the Authorized Officers be, and hereby are, authorized and empowered, in the name of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Financing Agreements"), incur and pay or cause to be paid all fees and expenses and engage such persons, in connection with the foregoing resolutions, in accordance with the DIP Financing Agreements, and in each case, in the form or substantially in the form thereof presented to each Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and be it

**FURTHER RESOLVED**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, the Authorized Officers be, and hereby are, authorized and empowered on behalf of each Company to take all such further action including, without limitation, to arrange for, enter into or grant amendments, amendments and restatements, supplements, renewals, replacements, consolidations, substitutions, extensions and modifications to and waivers of any of the foregoing DIP Financing Agreements, the loan documents, agreements, instruments and other documents (the "Agreements"), and to arrange for and enter into supplemental agreements, instruments, certificates, joinders, consents, borrowing notices, hedging arrangements, financing statements and other documents, including any interest rate swaps, caps, collars or similar hedging agreements, relating to the transactions contemplated by the Agreements, and to execute, deliver and perform all such further amendments, modifications, waivers, supplemental agreements, instruments, notes (including any intercompany notes to which each Company may be a party), certificates, joinders, consents, financing statements and

4

documents, including any interest rate swaps, caps, collars or similar hedging agreements as may be called for under or in connection with the Agreements, in the name and on behalf of each Company, and to pay all such fees and expenses, which shall in his or her judgment be deemed necessary, proper or advisable in order to perform each Company's obligations under or in connection with the Agreements and the transactions contemplated thereby; and to the extent any such payments have been made to date, any and all such payments are hereby authorized, ratified, confirmed and approved in all respects; and be it

**FURTHER RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur Adequate Protection obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Agreements (collectively, the "Adequate Protection Transactions"); and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized, empowered and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in such Authorized Officer's or Authorized Officers' reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Financing Agreements and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Financing Agreements (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Lender; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Financing Agreements or any Adequate Protection Document; and be it

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Lender to file any UCC financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the Lender deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Lender may reasonably request to perfect the security interests of the Lender under the Interim DIP Order, and to pay all expenses, in connection with the DIP Financing Agreements, the other applicable loan documents and any and all transactions contemplated thereby or in connection therewith or otherwise in connection with matters encompassed by the foregoing resolutions, including but not limited to filing fees; and be it

V.    Further Actions and Prior Actions

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers or their designees shall

be, and each of them, acting alone, hereby is, authorized, empowered, and directed, in the name of, and on behalf of, each Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Party's or Authorized Officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

**FURTHER RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of each Governing Body and that the Authorized Officers did execute the same.

**IN WITNESS WHEREOF**, the undersigned constituting the entire Governing Body of VTES, Inc., have executed this Written Consent effective as of the date first set forth above.

_____
Ravi Puvvala

**IN WITNESS WHEREOF**, the undersigned constituting the Governing Body of Savari, Inc., have executed this Written Consent effective as of the date first set forth above.

_____
Ravi Puvvala
Chief Executive Officer

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | VTES, Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor[1] and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| ALLY ALLY Payment Processing Center PO Box 78234 Phoenix, AZ 85062-8234 | ALLY Payment Processing Center commercialfinance @ally.com 888-925-2559 | Trade Claim | | | | $560.68 |
| American Express PO Box 0001 Los Angeles, CA 90096-8000 | 800-528-4800 | Trade Claim | | | | $1,149.94 |
| Arboretum II LLC Attn: John Kuriakuz 34505 W Twelve Mile Rd, Ste 15 Farmington, MI 48331 | John Kuriakuz john.kuriakuz@freg .com 248-848-4094 | Professional Services | | | | $19,447.72 |
| Armanino LLP Attn Diana Namauleg PO Box 398285 San Francisco, CA 94139-8285 | Diana Namauleg diana.namauleg@a mllp.com 408-200-6442 | Professional Services | | | | $19,941.25 |
| CA State Board of Equalization Administration PO Box 942879 Sacramento, CA 94279-3535 | CA State Board of Equalization 800-400-7115 | Tax | | | | $1,304.17 |
| CitiBusiness Card PO Box 78045 Phoenix, AZ 85062-8045 | CitiBusiness Card 888-248-4226 | Trade Claim | | | | $20,646.37 |
| Datasite LLC Attn Leif Simpson PO Box 74007252 Chicago, IL 60674-7252 | Attn Leif Simpson leif.simpson@data site.com 651-632-4046 | Trade Claim | | | | $4,744.65 |

[1] The below list of creditors is being presented on a consolidated basis for VTES, Inc., Savari, Inc., and Savari Systems Pvt. Ltd.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | VTES, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Fish & Richardson P.C. Attn: Brian Lease PO Box 3295 Boston, MA 02241-3295 | Attn: Brian Lease lease@fr.com 650-839-5070 | Professional Services | | | | $2,552.00 |
| Flextronics International Attn: Rob Cronan 6201 America Center Dr. Alviso, CA 95002 | Rob Cronan rob.cronan@flextronics.com | Loan | | | | $1,351,472.00 |
| Flextronics International 6201 America Center Dr. Alviso, CA 95002 | Nicole Stevenson nicole.stevenson@flex.com | Note | | | | $498,528.00 |
| Indian Income Tax Dept. 1 Fl Prestige Alpha No 48/1-2 Hosur Rd Benglaluru Karnataka INDIA 560100 | webmanager@incometax.gov.in 080-46605200 | Tax | | | | $20,413.79 |
| Jinan ShengAn Info. Technology Aosheng Bldg. 3 Rm 2204 Xinluo St. 1166 Jinan Shandong CHINA  25010-1000 | Jinan ShengAn Info. Technology info@jovision.com 0086-531-88192061 | Trade Claim | | | | $50,000.00 |
| O'Melveny & Myers LLP PO Box 894436 Los Angeles, CA 90189-4436 | Ava Antonio aantonio@omm.com 650-473-2649 | Professional Services | | | | $69,819.03 |
| Pathi Mohan - HUF No 1637 30th Cross BSK II Stage Bangalore 560070 INDIA | Pathi Mohan mohanpathi@gmail.com | Rent | | | | $982.94 |
| Raymond James & Associates Inc Attn: Amar Krishnamurty Treasury ECM-RMB PO Box 23603 Saint Petersburg, FL 33742 | Attn: Amar Krishnamurty ECMBilling@raymondjames.com 212-883-4607 | Professional Services | | | | $45,386.94 |

| Debtor | VTES, Inc. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Silicon Valley Bank Attn: Greg Singer 2400 Hanover St. Palo Alto, CA 94304 | Attn: Greg Singer gsinger@svb.com 650-320-0016 | Loan | | | | $342,450.00 |
| TSMT Consulting Pvt. Ltd. No 4/02 15th Cross South End 2nd Block Jayanagar Bangalore INDIA 560011 | accounts@tsmtconsulting.com 080-42088991 | Professional Services | | | | $1,465.71 |
| US Sm. Business Administration 455 Market St., Ste 600 San Francisco, CA 94105 | 415-744-6820 | Loan | | | | $10,000.00 |
| Vectis Law Group Attn: Patrick Costello 1900 S. Norfolk St. Ste. 350 San Mateo, CA 94403 | Attn: Patrick Costello pcostello@vectislawgroup.com 650-320-1688 | Professional Services | | | | $26,456.50 |
| Wenham Carter International Attn: Charlotte Akehurst 44 North Rd., E. Sussex BN11YR United Kingdom | Charlotte Akehurst charlotte.akehurst @wenhamcarter.com 44(0) 1273-648-040 | Professional Services | | | | $30,000.00 |

12/22/20 12:30PM

# United States Bankruptcy Court
## Southern District of New York

In re    **VTES, Inc.** _____    Case No. _____

                                           Debtor(s)    Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Savari, Inc.**<br>**2005 De La Cruz Blvd.**<br>**Suite 111**<br>**Santa Clara, CA 95050** | | **100%** | |

*Penalty for making a false statement of concealing property*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

12/22/20 12:30PM

# United States Bankruptcy Court
## Southern District of New York

In re    **VTES, Inc.**                                              Case No. _____
_____
                                    Debtor(s)          Chapter    **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **VTES, Inc.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Savari, Inc.**
**2005 De La Cruz Blvd.**
**Suite 111**
**Santa Clara, CA 95050**

☐ None [*Check if applicable*]

**Fill in this information to identify the case:**

Debtor name     **VTES, Inc.**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF NEW YORK

Case number (if known)     _____

☐ Check if this is an
amended filing

<u>Official Form 202</u>
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐  *Schedule H: Codebtors* (Official Form 206H)
☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐  Amended *Schedule*
■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■  Other document that requires a declaration     **Corporate Ownership Statement, List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **December 27, 2020**          X **/s/ Ravi Puvvala**
                                              Signature of individual signing on behalf of debtor

                                              **Ravi Puvvala**
                                              Printed name

                                              **Chief Executive Officer**
                                              Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy