UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                      :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | (Subchapter V) |
| VTES, INC., | : | |
| | : | Case No. 20-12941 (JLG) |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------X

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS'S SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

VTES, Inc. and its affiliated debtors-entities, debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors") in the chapter 11 cases jointly administered under Case No. 20-12941 (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") have filed their Schedules and Statement of Financial Affairs (the "SOFA") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and SOFA in accordance with section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Ravi Puvvala has signed the Schedules and SOFA. Mr. Puvvala is the Chief Executive Officer and President of Savari, Inc. ("Savari") the ultimate parent company and sole owner of VTES, Inc. and Savari Systems Pvt., Ltd. ("SSPL"). In reviewing and signing the Schedules and SOFA, Mr. Puvvala has necessarily relied upon the efforts, statements, and representations of with reliance on appropriate corporate officers, and professional advisors. In light of the size and complexity of the Debtors' businesses, Mr. Puvvala has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors.

In preparing the Schedules and SOFA, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and SOFA, subsequent information or discovery may result in material changes to the Schedules and SOFA. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and SOFA.

For the avoidance of doubt, the Debtors reserve their right to amend and supplement the Schedules and SOFA as may be necessary or appropriate but expressly does not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and SOFA or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

In no event shall the Debtors or their directors, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, officers, agents, attorneys, or financial advisors are advised of the possibility of such damages.

The Schedules, SOFA, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of the Debtors.

## Global Notes and Overview of Methodology

1. **Description of Case**. On December 27, 2020 (the 'Petition Date") the Debtors filed voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Schedules and SOFA and should be referenced in connection with any review thereof. In the event that the Schedules or SOFA conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFA; however as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and SOFA as may be necessary or appropriate. Nothing contained in the Schedules or SOFA constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contains in this paragraph.

   a. **No Admission**. Nothing contained in the Schedules or SOFA is intended or should be construed as (i) an admission or stipulation of the validity of any claim against the Debtors or any assertion made therein or herein or (ii) a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b. **Recharacterization and Classifications**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules or SOFA at a later time as is necessary and appropriate.

c. **Claims Description**. Any failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedule on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtors. The Debtors reserve all rights to amend their Schedules as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

d. **Estimates and Assumptions**. The preparation of the Schedules and SOFA required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities. Actual results could differ from such estimates.

e. **Causes of Action**. Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes, Schedules, or SOFA should be construed as a waiver of any such causes of action.

f. **Intellectual Property Rights**. Exclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g. **Insiders**. In the circumstance where the Schedules or SOFA require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believes may be included in the definition of "insider"

set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedule or SOFA is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules or SOFA has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

4. **Methodology**

   a. **Basis of Presentation**. The Schedules and SOFA do not purport to represent financial schedules prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of the Debtors. The Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment. The Schedules and SOFA reflect the Debtors' reasonable efforts to report the assets and liabilities of the Debtors.

   b. **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Schedules or SOFA. To the extent these disclosures would be duplicative, the Debtors has determined to only list such assets, liabilities, and prepetition payments once.

   c. **Net Book Value**. The Debtors do not have current market valuations for all assets. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all assets. Unless otherwise indicated, the Schedules and SOFA reflect net book values. The Debtors reserve all rights related to the net book value reflected in the Schedules and SOFA. Market values may vary—possibly materially—from net book values. The omission of an asset from the Schedules and SOFA does not constitute a representation regarding the ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

   d. **Unknown Amounts**. The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

   e. **Totals**. All totals that are included in the Schedules or SOFA represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

f. **Property and Equipment**. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules. Nothing in the Schedules is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

g. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits or other adjustments earned from prepetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits or other adjustments, including, but not limited to, the right to modify the Schedules or SOFA, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

h. **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue to review their books, records, and contractual agreements. The Debtors reserve their rights, but is not required, to amend the Schedule or SOFA if additional guarantees are identified.

i. **Liens**. The inventories, property, and equipment listed in the Schedules are presented without consideration of any liens.

j. **First Day Orders**. The Debtors have received Bankruptcy Court authority to pay, in Debtors' discretion, various outstanding prepetition claims, including, but not limited to, certain claims relating to employee compensation and related expenses, insurance obligations, or amounts owing to taxing authorities. Where the Schedules list creditors and set forth Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect amounts owed as of the Petition Date. To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of this case pursuant to the authority sought by Debtors from the Bankruptcy Court, such adjustments may not have been included in the Schedules unless otherwise noted on the applicable Schedule. Regardless of whether such claims are listed in the Schedules and SOFA, to the extent such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserves all rights to take any appropriate actions, including amending or supplementing their Schedules and SOFA, as necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

k. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

5. **<u>Details About Environmental Information</u>**. The Debtors has made commercially reasonable efforts to identify the requested information for: (i) material judicial and administrative proceedings; (ii) notices of potential material liability or material violations; and (iii) governmental notifications of material releases, in each case, initiated, pending, or received within approximately five (5) years from the filing date, except with respect to known state or federal hazardous off-site waste disposal sites designated under the Superfund law or state equivalents for which the Debtors disregarded a lookback period. The Debtors acknowledge the possibility that information related to material proceedings, notices and governmental notifications may be discovered subsequent to the filing of the Schedules and SOFA. The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

**Fill in this information to identify the case:**

Debtor name   **VTES, Inc.**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   **20-12941 (JLG)**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*....................................................................................................   $ _____ **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.................................................................................................   $ _____ **0.00**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*..................................................................................................   $ _____ **0.00**

| Part 2: | Summary of Liabilities |
|---|---|

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................................   $ _____ **0.00**

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................   $ _____ **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................................   +$ _____ **0.00**

4.   **Total liabilities** ..........................................................................................................................
    Lines 2 + 3a + 3b            $ _____ **0.00**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **VTES, Inc.** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | **20-12941 (JLG)** |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Bank of America** | **Checking** | **3740** | $0.00 |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

|  |
|---|
| $0.00 |

**Part 2:    Deposits and Prepayments**

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

**Part 3:    Accounts receivable**

10. **Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

**Part 4:    Investments**

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor    **VTES, Inc.**                                     Case number *(If known)*  **20-12941 (JLG)**
_____
Name

| Part 5: | **Inventory, excluding agriculture assets** |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

- ■ No.  Go to Part 6.
- ☐ Yes Fill in the information below.

| Part 6: | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

- ■ No.  Go to Part 7.
- ☐ Yes Fill in the information below.

| Part 7: | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

- ■ No.  Go to Part 8.
- ☐ Yes Fill in the information below.

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

- ■ No.  Go to Part 9.
- ☐ Yes Fill in the information below.

| Part 9: | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

- ■ No.  Go to Part 10.
- ☐ Yes Fill in the information below.

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ■ No.  Go to Part 11.
- ☐ Yes Fill in the information below.

| Part 11: | **All other assets** |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ■ No.  Go to Part 12.
- ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor | **VTES, Inc.** | Case number *(If known)* **20-12941 (JLG)** |
|--------|------------------|------------------------------------------------|
|        | Name |  |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|------------------|-----------------------------------|--------------------------------|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*................................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

**Fill in this information to identify the case:**

Debtor name      **VTES, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **20-12941 (JLG)**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**Fill in this information to identify the case:**

Debtor name ___**VTES, Inc.**___

United States Bankruptcy Court for the: ___SOUTHERN DISTRICT OF NEW YORK___

Case number (if known) ___**20-12941 (JLG)**___

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

3.1   **Nonpriority creditor's name and mailing address**       As of the petition filing date, the claim is: *Check all that apply.*

   ☐ Contingent
   ☐ Unliquidated
   ☐ Disputed

   **Date or dates debt was incurred** ____

   **Last 4 digits of account number** ____

   **Basis for the claim:** _____

   Is the claim subject to offset? ☐ No ☐ Yes

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $     0.00 |
| **5b. Total claims from Part 2** | 5b. + | $     0.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $     0.00 |

**Fill in this information to identify the case:**

Debtor name     **VTES, Inc.**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known)    **20-12941 (JLG)**

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                              12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1    State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.2    State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.3    State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| 2.4    State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name  **VTES, Inc.**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF NEW YORK

Case number (if known)  **20-12941 (JLG)**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

### 2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 **Savari Systems Pvt. Ltd.** | **Prema Gardenia No. 357/6 1st Cross Rd 1st Blk Jayanagar Bangalore India 560 011 Case No. 20-12943 (JLG)** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |
| 2.2 **Savari, Inc.** | **2005 De La Cruz Boulevard, Suite 111 Santa Clara, CA  95050 Case No. 20-12942 (JLG)** | | ☐ D _____ ☐ E/F _____ ☐ G _____ |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Fill in this information to identify the case:

Debtor name    **VTES, Inc.**

United States Bankruptcy Court for the:    **SOUTHERN DISTRICT OF NEW YORK**

Case number (if known)    **20-12941 (JLG)**

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.**  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

■    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

■    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

■    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

■    *Schedule H: Codebtors* (Official Form 206H)

■    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐    Amended *Schedule*

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 11, 2021**    X  **/s/ Ravi Puvvala**
Signature of individual signing on behalf of debtor

**Ravi Puvvala**
Printed name

**Chief Executive Officer of Savari, Inc.**
Position or relationship to debtor