UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :    (Subchapter V)
VTES, INC.,                                                      :
                                                                 :    Case No. 20-12941 (JLG)
                                        Debtor.                  :
                                                                 :
----------------------------------------------------------------X

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING THE DEBTORS'S SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

  VTES, Inc. and its affiliated debtors-entities, debtors and debtors in possession (each a "Debtor," and collectively, the "Debtors") in the chapter 11 cases jointly administered under Case No. 20-12941 (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") have filed their Schedules and Statement of Financial Affairs (the "SOFA") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and SOFA in accordance with section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

  Ravi Puvvala has signed the Schedules and SOFA. Mr. Puvvala is the Chief Executive Officer and President of Savari, Inc. ("Savari") the ultimate parent company and sole owner of VTES, Inc. and Savari Systems Pvt., Ltd. ("SSPL"). In reviewing and signing the Schedules and SOFA, Mr. Puvvala has necessarily relied upon the efforts, statements, and representations of with reliance on appropriate corporate officers, and professional advisors. In light of the size and complexity of the Debtors' businesses, Mr. Puvvala has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors.

  In preparing the Schedules and SOFA, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and SOFA, subsequent information or discovery may result in material changes to the Schedules and SOFA. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and SOFA.

For the avoidance of doubt, the Debtors reserve their right to amend and supplement the Schedules and SOFA as may be necessary or appropriate but expressly does not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and SOFA or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

In no event shall the Debtors or their directors, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, officers, agents, attorneys, or financial advisors are advised of the possibility of such damages.

The Schedules, SOFA, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events or performance of the Debtors.

### Global Notes and Overview of Methodology

1. **Description of Case**. On December 27, 2020 (the 'Petition Date") the Debtors filed voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The information provided herein, except as otherwise noted, is reported as of the Petition Date.

2. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Schedules and SOFA and should be referenced in connection with any review thereof. In the event that the Schedules or SOFA conflict with these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFA; however as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and supplement the Schedules and SOFA as may be necessary or appropriate. Nothing contained in the Schedules or SOFA constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contains in this paragraph.

   a. **No Admission**. Nothing contained in the Schedules or SOFA is intended or should be construed as (i) an admission or stipulation of the validity of any claim against the Debtors or any assertion made therein or herein or (ii) a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

b. **Recharacterization and Classifications**. Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFA, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules or SOFA at a later time as is necessary and appropriate.

c. **Claims Description**. Any failure to designate a claim on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedule on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtors. The Debtors reserve all rights to amend their Schedules as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

d. **Estimates and Assumptions**. The preparation of the Schedules and SOFA required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities. Actual results could differ from such estimates.

e. **Causes of Action**. Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes, Schedules, or SOFA should be construed as a waiver of any such causes of action.

f. **Intellectual Property Rights**. Exclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

g. **Insiders**. In the circumstance where the Schedules or SOFA require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believes may be included in the definition of "insider"

3

set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing of a party as an insider for purposes of the Schedule or SOFA is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules or SOFA has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

4. **Methodology**

   a. **Basis of Presentation**. The Schedules and SOFA do not purport to represent financial schedules prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of the Debtors. The Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment. The Schedules and SOFA reflect the Debtors' reasonable efforts to report the assets and liabilities of the Debtors.

   b. **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Schedules or SOFA. To the extent these disclosures would be duplicative, the Debtors has determined to only list such assets, liabilities, and prepetition payments once.

   c. **Net Book Value**. The Debtors do not have current market valuations for all assets. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all assets. Unless otherwise indicated, the Schedules and SOFA reflect net book values. The Debtors reserve all rights related to the net book value reflected in the Schedules and SOFA. Market values may vary—possibly materially—from net book values. The omission of an asset from the Schedules and SOFA does not constitute a representation regarding the ownership of such asset and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

   d. **Unknown Amounts**. The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

   e. **Totals**. All totals that are included in the Schedules or SOFA represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

f. **Property and Equipment**. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules. Nothing in the Schedules is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

g. **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits or other adjustments earned from prepetition payments, if applicable. The Debtors reserve all of their rights with regard to such credits or other adjustments, including, but not limited to, the right to modify the Schedules or SOFA, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

h. **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue to review their books, records, and contractual agreements. The Debtors reserve their rights, but is not required, to amend the Schedule or SOFA if additional guarantees are identified.

i. **Liens**. The inventories, property, and equipment listed in the Schedules are presented without consideration of any liens.

j. **First Day Orders**. The Debtors have received Bankruptcy Court authority to pay, in Debtors' discretion, various outstanding prepetition claims, including, but not limited to, certain claims relating to employee compensation and related expenses, insurance obligations, or amounts owing to taxing authorities. Where the Schedules list creditors and set forth Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect amounts owed as of the Petition Date. To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of this case pursuant to the authority sought by Debtors from the Bankruptcy Court, such adjustments may not have been included in the Schedules unless otherwise noted on the applicable Schedule. Regardless of whether such claims are listed in the Schedules and SOFA, to the extent such claims are paid pursuant to an order of the Bankruptcy Court, the Debtors reserves all rights to take any appropriate actions, including amending or supplementing their Schedules and SOFA, as necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

k. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

5. **Details About Environmental Information**. The Debtors has made commercially reasonable efforts to identify the requested information for: (i) material judicial and administrative proceedings; (ii) notices of potential material liability or material violations; and (iii) governmental notifications of material releases, in each case, initiated, pending, or received within approximately five (5) years from the filing date, except with respect to known state or federal hazardous off-site waste disposal sites designated under the Superfund law or state equivalents for which the Debtors disregarded a lookback period. The Debtors acknowledge the possibility that information related to material proceedings, notices and governmental notifications may be discovered subsequent to the filing of the Schedules and SOFA. The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | VTES, Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | 20-12941 (JLG) |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy        04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue
Check all that apply | Gross revenue
(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source
(before deductions and exclusions) |
   |---|---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer
Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address
Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

| Debtor | VTES, Inc. | Case number (if known) | 20-12941 (JLG) |
|---|---|---|---|

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

### Part 3: Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☒ None.

| Case title / Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☒ None

### Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

### Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | | |

### Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ☒ None.

| Debtor | VTES, Inc. | Case number *(if known)* | 20-12941 (JLG) |

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

15. **Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

Official Form 207    Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    page **3**

moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12:  Details About Environment Information

For the purpose of Part 12, the following definitions apply:
  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

   ■ No.
   ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

   ■ No.
   ☐ Yes. Provide details below.

| Debtor | VTES, Inc. | Case number (if known) | 20-12941 (JLG) |
|---|---|---|---|

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

- ☒ No.
- ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

- ☒ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

- ☒ None

| Name and address | Date of service<br>From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

- ☒ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

- ☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

- ☒ None

| Name and address |
|---|

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

- ☒ No
- ☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Debtor | VTES, Inc. | Case number (if known) | 20-12941 (JLG) |
|---|---|---|---|

- ■ No
- ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ■ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 11, 2021**

**/s/ Ravi Puvvala**                                              **Ravi Puvvala**
Signature of individual signing on behalf of the debtor    Printed name

Position or relationship to debtor    **Chief Executive Officer of Savari, Inc.**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
■ No
☐ Yes